Filed 07/22/24

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Appellant, | G063586 |
|      v. | (Super. Ct. No. SWF1100946) |
| RAYMOND EDWARD HERNANDEZ, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge. Affirmed with directions. Request for judicial notice granted.

Michael Hestrin, District Attorney, and W. Matthew Murray, Deputy District Attorney, for Plaintiff and Appellant.

---

\* Pursuant to California Rules of Court, rule 8.1105(b) and 8.1110, this opinion is certified for publication except for part II of the Discussion.

Britton Donaldson and Heather Beugen, under appointment by the Court of Appeal, for Defendant and Respondent.

*     *     *

The People appeal from an order under recently enacted Penal Code section 1172.75,[1] which invalidates enhancements for most prison prior terms imposed before January 1, 2020. In that order, the trial court recalled Raymond Edward Hernandez's sentence, struck three one-year prison prior terms from his sentence, and—over the People's objection—struck a five-year term for a great bodily injury (GBI) enhancement allegation. Hernandez's original 21-year sentence, reached pursuant to a stipulated plea agreement, was reduced to 13 years. On appeal, the People argue that in plea bargain cases section 1172.75 authorizes a resentencing court to strike prison priors but requires the court to otherwise leave the plea bargain intact. We disagree.

We conclude that the trial court was required to conduct a resentencing under the express provisions of section 1172.75, even in plea bargain cases; the court had the authority to strike the term for the GBI enhancement under those express provisions; and the People were not entitled to withdraw from the plea agreement as a result of the reduction in Hernandez's sentence. We acknowledge a split of authority on the issue of whether a trial court under section 1172.75 may conduct a "full resentencing" beyond what the statute expressly permits. (See *People v. Carter* (2023) 97 Cal.App.5th 960, 964 [full resentencing permitted] (*Carter*); *People v. Montgomery* (2024) 100 Cal.App.5th 768, 774 [agreeing with *Carter*], review

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

granted May 29, 2024, S284662 (*Montgomery*); contra, *People v. Coddington* (2023) 96 Cal.App.5th 562, 565 [prosecutor cannot withdraw from plea agreement when a prison prior is struck but can withdraw from it if sentence is otherwise reduced] (*Coddington*).) But we do not address that issue here; instead, we confine our review to the court's actual resentencing decision— not what it could have but didn't do at resentencing. Accordingly, we affirm the postjudgment order.

On our own motion, we shall direct the trial court to issue an amended abstract of judgment correcting the clerical errors identified, *post*, in part II of the Discussion.

FACTS

A 2011 felony complaint charged Hernandez with a single count of corporal injury to a significant other (count 1; § 273.5, subd. (a)), with infliction of great bodily injury (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)). It alleged Hernandez served three prior prison sentences (§ 667.5, subd. (b)), for a 1991 robbery conviction and convictions in 1997 and 2004 for drug possession. It further alleged, on the 1991 conviction, he had two special prior strike convictions, for robbery and kidnapping (§§ 667, subds. (c), (e), 1170.12, subd. (c)).

On March 6, 2013, a stipulated plea agreement was reached. That same day, the People amended the charges to add a five-year serious prior felony allegation (§ 667, subd. (a)) for the robbery conviction. Hernandez pleaded guilty to count 1 and admitted the GBI allegation, the three prison priors, the first special strike prior, and the five-year serious prior; the People dismissed the second special strike prior. The parties stipulated to a 21-year prison sentence, calculated as follows: the upper term of four years on count 1, doubled to eight years for the special strike prior enhancement, plus the

3

upper term of five years for the GBI enhancement, three years for the prison prior enhancements (one year for each prison prior), and five years for the serious prior enhancement. On May 17, 2013, the trial court accepted and imposed the stipulated sentence.

An amended abstract of judgment, filed in December 2017, indicates Hernandez was resentenced under section 1170.18 (authorizing recall of sentence and resentencing for certain felonies reclassified as misdemeanors), two of the three prison priors were removed, and his sentenced was reduced accordingly, from 21 to 19 years. The appellate record does not include a minute order concerning this resentencing, but Hernandez explained below that the court deemed his two prison priors for drug possession as misdemeanors and struck the punishment.

In 2021, the Legislature passed section 1172.75 (former section 1171.1) (Stats. 2022, ch. 58, § 12) (Section 1172.75), which provides that, except for certain sexually violent offenses, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).)

In December 2022, the trial court recalled and resentenced Hernandez under section 1172.75. The court vacated the sentences for the three prison priors,[2] which reduced the total sentence to 18 years. The court set a later hearing for Hernandez's motion to dismiss his prior strike pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

---

[2] At the hearing, the court stated the abstract of judgment before it "shows all the prison priors are still imposed."

4

At the continued April 24, 2023 resentencing hearing, the trial court first denied Hernandez's *Romero* motion to dismiss his prior strike under section 1385, subdivision (a), and then turned to the issue of full resentencing under sections 1172.75 and 1385, subdivision (c). The court determined it had authority to conduct a full resentencing and stated it had explained its rationale in another case, *People v. Garcia*, (Super.Ct. Riverside County, Nos. BAF1500605 and SWF1102890 (*Garcia*).)[3] The court reasoned that section 1172.75 "was designed to reduce the sentences," "not just stop at the prison priors but to impose [section] 1385 as it's now contemplated," and that the court in a full resentencing "has whatever jurisdiction and whatever discretion it would have." The court noted that under section 1385, subdivision (c), "only one enhancement should be imposed unless the [c]ourt finds [Hernandez] is currently a danger to society," and the court declined to make that finding. The court imposed the five-year serious prior enhancement (§ 667, subd. (a)), and struck the five-year GBI enhancement (§ 12022.7), which further reduced Hernandez's total sentence to 13 years. The People timely appealed.

---

[3] The People filed a motion to augment the record with the written statement of decision in *Garcia*, and the reporter's transcript of an April 10, 2023, hearing in *People v. Dixon*, (Super. Ct. Riverside County No. RIF16054590), before the same trial court and argued by the same attorneys for both sides. The People later filed a request for judicial notice of the same *Garcia* statement of decision. Before the matter was transferred to this Division, Division Two of the Fourth Appellate District noted the later filed request for judicial notice was duplicative of the motion to augment, deemed the motion to augment a request for judicial notice, and reserved ruling for consideration with the appeal. We grant the requests for judicial notice. (Evid. Code, §§ 452, 459.) In our case, the parties and the trial court in the proceedings below referred to the *Garcia* statement of decision and counsel incorporated by reference their arguments from the April 10, 2023, *Dixon* hearing.

DISCUSSION

The parties agree the trial court properly struck Hernandez's prison priors. They disagree, however, on whether the court had discretion under section 1172.75 to fully resentence Hernandez, given his sentence was imposed pursuant to a plea bargain. We conclude the court had discretion under subdivision (d) of section 1172.75 to strike the term for the GBI enhancement and that the People were not entitled to withdraw from the plea bargain as a result of this sentence reduction.

Although not raised by any party, we also identify certain clerical errors in the most current amended abstract of judgment that must be corrected.

I.

RESENTENCING

Because we agree for the most part with *Carter* and *Montgomery*, we quote heavily from these opinions to explain why the trial court here properly resentenced Hernandez under section 1172.75.

A. *Governing Law*

"Before January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the enhancement to only prior prison terms served for sexually violent offenses. [Citation.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*Carter*, *supra*, 97 Cal.App.5th at p. 966.)

"In 2021, the Legislature enacted Senate Bill No. 483 . . . which, among other things, made the changes implemented by Senate Bill 136 retroactive." (*Carter, supra*, 97 Cal.App.5th at p. 966.) In an uncodified section of Senate Bill No. 483, the Legislature declared, "[T]o ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements. *It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement.*" (Stats. 2021, ch. 728, § 1, italics added) (Senate Bill 483.)

Senate Bill 483 also added section 1172.75. (Stats. 2021, ch. 728, § 3.) Section 1172.75 provides that except for certain sexually violent offenses, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).) A person currently serving a sentence that includes a now-legally invalid sentence enhancement under section 1172.75 need not do anything to correct that sentence. Instead, the statute requires the Secretary of the California Department of Corrections and Rehabilitation and each county's correctional administrator to identify those persons to the sentencing court that imposed the legally invalid enhancement. (§ 1172.75, subd. (b).) And if the sentencing court determines the person's current judgment includes "such a legally invalid enhancement, 'the court shall recall the sentence and resentence the defendant.' (*Id.*, subd. (c).)" (*Carter, supra*, 97 Cal.App.5th at p. 966.)

Section 1172.75 provides five specific instructions for resentencing. First, the resentencing "shall result in a lesser sentence than

7

the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," but in any event it "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Second, the trial court "shall apply" the Judicial Council's sentencing rules "and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Third, the court "may consider postconviction factors," including "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).) Fourth, with certain exceptions, the court "may not impose a sentence exceeding the middle term." (*Id.*, subd. (d)(4).) Finally, the court "shall appoint counsel" for the resentencing. (*Id.*, subd. (d)(5).)

## B. Standard of Review

"We review issues of statutory construction de novo. [Citation.] Our fundamental task in interpreting a statute is to ascertain the Legislature's intent so as to effectuate its purpose. [Citation.] We begin with the text of the statute and give the words their usual meaning while construing them in light of the statutory framework as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. [Citation.] If the language ""permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.] The wider historical circumstances of a law's enactment may assist in ascertaining legislative intent, supplying context for otherwise ambiguous language."'" (*Carter, supra,* 97 Cal.App.5th at p. 967.)

"'In considering the purpose of legislation, statements of the intent of the enacting body contained in a preamble, while not conclusive, are entitled to consideration.'" (*Carter, supra*, 97 Cal.App.5th at pp. 967–968.) "Although such statements in an uncodified section do not confer power, determine rights, or enlarge the scope of a measure, they properly may be utilized as an aid in construing a statute." (*People v. Canty* (2004) 32 Cal.4th 1266, 1280 (*Canty*).) "The Legislature's statement of intent in Senate Bill 483 is found within the preamble, or what the Supreme Court has also referred to as a '"plus section"' — 'a provision of a bill that is not intended to be a substantive part of the code section or general law that the bill enacts, but to express the Legislature's view on some aspect of the operation or effect of the bill.'" (*Carter*, at p. 968.)

*C. Analysis*

By its plain terms, section 1172.75 requires a trial court to do more than merely strike the newly "invalid" enhancements. The statute contemplates that resentencing generally "shall result in a lesser sentence" but must "not result in a longer sentence than the one originally imposed." It requires the sentencing court to apply the Judicial Council's sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) It permits the court to "consider postconviction factors" (*id.*, subd. (d)(3)) and limits its ability to "impose a sentence exceeding the middle term" (*id.*, subd. (d)(4)). "Nothing in section 1172.75 indicates that sentences resulting from a plea agreement are exempt from its provisions." (*Carter, supra*, 97 Cal.App.5th at p. 968.)

The People contend section 1172.75 cannot be read to permit resentencing of a stipulated sentence beyond striking the invalid sentence

9

enhancements because such an interpretation would conflict with section 1192.5. We are unpersuaded.

Section 1192.5 provides, once the parties agree to a plea and the court approves it, "the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).) "[L]ong-standing law limits the court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*People v. Stamps* (2020) 9 Cal.5th 685, 701 (*Stamps*).) "Section 1192.5 constrains a trial court's actions when the parties have agreed to a plea deal." (*Montgomery*, *supra*, 100 Cal.App.5th, at p. 774, rev.gr., citing *People v. Prudholme* (2023) 14 Cal.5th 961, 973.) Although a court may withdraw its approval of a plea bargain, it ""cannot 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others.""" (*Stamps*, at pp. 706–707.) It must instead ""restore the parties to the status quo ante.""" (*Id.* at p. 707.)

"A plea agreement, however, does incorporate ""the reserve power of the state to amend the law.""" (*Montgomery*, *supra*, 100 Cal.App.5th at p. 774, rev.gr., quoting *Doe v. Harris* (2013) 57 Cal.4th 64, 66.) A plea agreement "'does not have the effect of insulating [the parties] from changes in the law that the Legislature has intended to apply to them.' [Citation.] Thus, the critical inquiry in determining the effect of a change in the law on a plea agreement is one of legislative intent." (*Montgomery*, at p. 774.)

"Here, in an uncodified section of Sen. Bill 483, the Legislature expressed that 'any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement.' (Stats. 2021, ch. 728, § 1.)" (*Montgomery*, *supra*, 100 Cal.App.5th at p. 774, rev.gr.) "That language does not distinguish between the striking of prison priors and "'any other changes in law that reduce sentences or provide

10

for judicial discretion,'" nor does the bill's legislative history make such a distinction." (*Montgomery*, at p. 775, citing *Carter*, *supra*, 97 Cal.App.5th at p. 973.) Thus, we conclude the Legislature intended to preclude a prosecutor from rescinding a plea agreement due to any sentence reduction permitted by the express provisions of section 1172.75.

Here, the trial court applied section 1385, subdivision (c), to strike the five-year GBI enhancement. Subdivision (c) of that statute, made effective January 1, 2022, "add[ed] specific mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Burke* (2023) 89 Cal.App.5th 237, 242–243; Sen. Bill No. 81, Stats. 2021, ch. 721, § 1.) One such mitigating factor is that "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) Because section 1172.75 expressly required the court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2)), the court acted within its discretion under section 1172.75 to strike the GBI sentence enhancement. And because this sentence reduction was authorized under section 1172.75, it is a "change[] to a sentence as result of the act" and thus not a basis for the People to rescind the plea agreement. (Stats. 2021, ch. 728, § 1.)

We respectfully disagree with *Coddington*, *supra*, 96 Cal.App.5th at p. 565, for the reasons articulated in *Carter*, *supra*, 97 Cal.App.5th at pp. 972–977, and *Montgomery*, *supra*, 100 Cal.App.5th at p. 774, review granted. *Coddington* held the Legislature intended to preclude a prosecutor from withdrawing from a plea agreement when a prison prior is struck, "since

11

the statute requires . . . the trial court to apply "'any other changes in law that reduce sentences.'"" (*Coddington*, at p. 568.) But *Coddington* determined the uncodified legislative statements of intent in Senate Bill 483 "were limited to the context of prison priors, " so the prosecutor could withdraw its assent from the plea agreement if the sentence is otherwise reduced. (*Id.*, at p. 572.)

But "[t]he statement of legislative intent in Senate Bill 483 does not differentiate between a sentence reduced by removal of the prison-prior enhancement and a sentence reduced due to other resentencing decisions made by the trial court. Instead, it broadly refers to 'any changes' to the sentence resulting under the new law and then states that those changes do not give the prosecution a right to withdraw from a plea agreement. (Stats. 2021, ch. 728, § 1.) Nor does the statutory language or legislative history make such a distinction. In fact, the statute does not even allow a court to merely strike a legally invalid prison-prior enhancement." (*Carter*, *supra*, 97 Cal.App.5th at p. 973.) "We will not infer an intent not expressed in the Legislature's language." (*Ibid.*)

"The People also argue that the deletion of language from a prior version of Senate Bill 483 declaring the affected enhancements to be legally invalid 'regardless of whether the original sentence was imposed after trial or open or negotiated plea'" (*Carter*, *supra*, 97 Cal.App.5th at p. 975, fn. 5) shows the Legislature did not intend for a full resentencing under section 1172.75. (Sen. Bill No. 483 (2021–2022 Reg. Sess.), as amended July 7, 2021 and July 15, 2021.) "The deletion of this language does not support the People's position for two reasons. First, the final version of the bill still includes language explicitly referencing plea agreements. The Legislature may have simply found this additional language to be unnecessary because

12

the rest of the bill already made clear that the statute applies to guilty pleas. Second, the People concede that [Hernandez's] prison prior enhancement is legally invalid under section 1172.75 even though (1) it was imposed after a guilty plea, and (2) the statute as enacted did not include the deleted language. Thus, the People's reliance on the prior version of Senate Bill 483 does not assist them." (*Carter*, at p. 975, fn. 5.)

In sum, "the Legislature's clear directive is that *any* reduction of the defendant's sentence on resentencing shall not be a basis for the prosecutor or the court to withdraw from a plea agreement. The Legislature expressly stated that '*any changes* to a sentence as a result of the act that added this section *shall not be a basis for a prosecutor or court to rescind a plea agreement.*' (Stats. 2021, ch. 728, § 1, italics added.) The all-inclusive phrase 'any changes to a sentence as a result of the act' (*ibid*.) can only be understood to include changes resulting from the law's resentencing provision . . . ." (*Carter*, *supra*, 97 Cal.App.5th at p. 973.)

## II.

### THE AMENDED ABSTRACT OF JUDGMENT

Because it is "important that courts correct errors and omissions in abstracts of judgment," we raise three errors in the amended abstract of judgment without a request by either party. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

First, the sixth abstract of judgment, filed May 9, 2023, incorrectly lists the resentencing hearing date as December 13, 2022 (page 1 in the caption regarding "Date of Hearing") and as December 5, 2017 (page 2 in box number 16 regarding "Date Sentence Pronounced"). In both places, the abstract should be amended to reflect the correct date of April 24, 2023.

13

Second, the abstract incorrectly states the time imposed for the enhancement pursuant to section 12022.7, subdivision (e), as "S," or "stayed" (page 1 in box number 2 regarding enhancements) The abstract should be changed from "S" to "PS," indicating "punishment struck."

Third, the abstract leaves blank the box that should reflect Hernandez's actual custody credits (page 2 in box number 16 regarding credit for time served). The court's minute order dated April 24, 2023, stated Hernandez had accrued 3,700 days from the day after he pleaded guilty to April 24, 2023, the resentencing hearing date, with the California Department of Corrections and Rehabilitation (the CDC) "to determine additional credit for time served." The sentencing court, not the CDC, must amend the abstract to reflect these updated credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37; §§ 2900.1, 2900.5, subd. (d).)

DISPOSITION

The People's request for judicial notice is granted. The matter is remanded to the trial court with instructions to correct the May 9, 2023, amended abstract of judgment to reflect: a resentencing hearing date of April 24, 2023 (page 1 in the caption regarding "Date of Hearing"); the time imposed for the enhancement pursuant to section 12022.7, subdivision (e), as "PS," indicating "punishment struck;" and updated custody credits as of April 24, 2023 (page 2 in box number 16 regarding credit for time served). The court is further instructed to prepare an amended abstract of judgment and forward a certified copy to the CDC. In all other respects, the postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.

15